FILED

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUL 31  PH 4: 51

U.S. DIS, DIST COURT
MIDDLE DISTRICT OF
ORLANDO, FLORIDA FLORIDA

LORI CAPLINGER,

　　　　　Plaintiff,

-VS-

REGIONAL ACCEPTANCE
CORPORATION,

　　　　　Defendant.

_____/

CASE NO.: 6:17-CV-1405-ORL-37-TBS

## COMPLAINT

COMES NOW Plaintiff, LORI CAPLINGER, by and through the undersigned counsel, and sues Defendant, REGIONAL ACCEPTANCE CORPORATION (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.　　The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robocalls."

2.　　"The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.　　"Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Indian River County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida

10.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.    Defendant is a corporation with its principal place of business located at 1424 East Fire Tower Road, Greenville, NC 27858, and which conducts business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, Fl. 33324

14.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (772) ***- 2638, and was the called party and recipient of Defendant's herein after described calls.

15.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast

number of calls she received and/or she received prerecorded messages from Defendant. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

16.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (772) ***-2638 in an attempt to reach an individual who is unknown to Plaintiff.

17.     Plaintiff does not currently and has never had any account or business dealings with Defendant.

18.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s)/representative(s) to stop calling her cellular telephone.

19.     On or about February 10, 2016, Plaintiff answered a call from Defendant and informed Defendant's agent/representative that the person they were calling for did not have this number anymore, gave her name, and demanded for Defendant to stop all calls.

20.     Again in or about March of 2016, Plaintiff explained to Defendant's agent/representative that they had the wrong number and demanded that the calls cease.

21.     Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of Plaintiff.

22.     Due to the tremendous volume of calls Plaintiff received over a lengthy period of time, she was not able to properly catalogue each and every call, however attached hereto as "Exhibit A" is a small sampling of some of the automated calls Plaintiff received to her aforementioned cellular telephone from Defendant.

23.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

24.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

25.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff: despite these individuals explaining to Defendant they wish for the calls to stop.

26.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

27.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

28.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

29.     Defendant's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

30.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31.     Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33.     From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of her cellular telephone

5

line and cellular telephone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

35.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of the features of Plaintiff's cellular telephone, which is designed to inform the user of important missed communications.

36.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of the features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

37.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

38.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

39.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

40.     As a result of the calls described above, Plaintiff suffered an invasion of privacy.

## COUNT I
### (Violation of the TCPA)

41.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty (40) as if fully set forth herein.

42.     Defendant willfully and knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

43.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

44.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty (40) as if fully set forth herein

7

45.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

46.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the alleged debtor or her family.

47.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

48.     Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

49.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Amy M. Ferrera, Esquire
Florida Bar No.: 15313
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AMFerrera@ForThePeople.com
*Attorney for Plaintiff*

8