UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI CAPLINGER,

    Plaintiff,

v.                                                       Case No. 6:17-cv-1405-Orl-37TBS

REGIONAL ACCEPTANCE
CORPORATION,

    Defendant.

## **ORDER**

Plaintiff initiated this action against Defendant for violations of the Telephone Consumer Protection Act and the Florida Consumer Collection Practices Act. (*See* Doc. 1.) Upon consideration, the Court finds that this action is due to be transferred to the Fort Pierce Division of U.S. District Court for the Southern District of Florida.

Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Here, Plaintiff asserts that venue is appropriate in this Court as a substantial part of the events giving rise to the claims occurred in Indian River County, Florida. (Doc. 1, ¶ 8.) But that county does not lie in the Middle District of Florida.

Accordingly, the Clerk is **DIRECTED** to transfer this action to the Fort Pierce Division of the U.S. District Court for the Southern District of Florida, which encompasses

the county where a substantial part of the events alleged in the Complaint occurred.[1]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 2, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

[1] In the Southern District of Florida, actions are docketed and tried "in their county of origin," except that Indian River County actions proceed in Fort Pierce, Florida. *See* S.D. Fla. Local Rule 3.1; *see also* S.D. Fla. Internal Operating Procedure 2.01.01(d) (explaining that within the five divisions of the Southern District, the Fort Pierce Division encompasses Indian River County).